# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


UNITED STATES OF AMERICA,

v.                                          Case No. 8:25-cr-475-KKM-SPF

BRYAN CARCAMO MEJIA et al.,

    Defendants.

_____

## SECTION 1228(c) ORDER

The Immigration and Nationality Act allows a district court at the time of sentencing to enter an order of removal for a deportable alien. *See* 8 U.S.C. § 1228(c)(1). If the government intends in this case to seek such "a judicial order of removal" against a defendant, the government must comply with the two-part procedure listed in § 1228(c)(2); *see United States v. Nguyen*, 255 F.3d 1335, 1345–46 (11th Cir. 2001).

First, the government "must file with the court and serve upon the defendant before trial [or entry of a guilty plea] a notice that it will seek judicial removal." *Id.* at 1346. (citing 8 U.S.C. § 1228(c)(2)(A)). "Second, the Government, with the concurrence of the Commissioner of the [Immigration and Naturalization Service],[1] must file a 'charge containing factual allegations

---

[1] Before March 1, 2003, references to "Commissioner" in the INA "mean[t] the Commissioner of the Immigration and Naturalization Service." 8 C.F.R. § 1.2. Today,

regarding the alienage of the defendant and identifying the crime or crimes which make the defendant deportable' [under 8 U.S.C. § 1227(a)(2)(A)] at least thirty days prior to the date set for sentencing." *Id.* (quoting 8 U.S.C. § 1228(c)(2)(B)). Of course, a defendant may waive the notice requirement and stipulate to a judicial order of removal as part of a plea agreement. 8 U.S.C. § 1228(c)(5).

The government must notify the Court as soon as possible, but no later than required by § 1228(c)(1), if it intends to seek "a judicial order of removal" in this case against any defendant.

**ORDERED** in Tampa, Florida, on January 5, 2026.


Kathryn Kimball Mizelle
United States District Judge

---

references "mean the Director of U.S. Citizenship and Immigration Services, the Commissioner of U.S. Customs and Border Protection, and the Director of U.S. Immigration and Customs Enforcement, as appropriate in the context in which the term appears." *Id.*